# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES LAM III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-CV-143 HEA |
| | ) |
| UNKNOWN BALIVA, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of James Lam III (registration no. 1216908), an inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates that plaintiff has a negative account balance at this time. The Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) when funds exist, until the full filing fee of $350 is paid in full.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. He names the following individuals as defendants in this action: the County of Cape Girardeau; Ruth Ann Dickerson (Sheriff, Cape Girardeau County); J. P. Mulcahy (Captain, Cape Girardeau County Jail); Unknown Umphlett (Officer, Cape Girardeau County Sheriff's Department); Unknown Holland (Officer, Cape Girardeau County Sheriff's Department); Unknown Dacus (Officer, Cape Girardeau County Sheriff's Department); Unknown Williams (Officer, Cape Girardeau County Sheriff's Department); and Unknown Baliva (Officer, Cape Girardeau County Sheriff's Department). Plaintiff brings this action against defendants in both their individual and official capacities.

Plaintiff asserts in a conclusory manner that he has been denied "access to courts" at the Cape Girardeau County Jail in Jackson, Missouri, because the only legal materials at the Jail consist of a set of Missouri law books dated 1994, which plaintiff believes to be outdated. Plaintiff states that he filed several grievances at the Jail asking for additional legal materials, including updated "lawbooks," a book about the "14 Amendments," or a kiosk with Justia on it like the one at the Perry County Jail.[1] However, defendants either failed to respond to his grievances or told him to seek assistance from the Court or his family regarding obtaining legal materials. Plaintiff states that he needed the legal materials in order to prepare himself for his "federal suit" and to "participate in his defense against criminal charges."

---

[1] Plaintiff admits that he borrowed a fellow inmate's copy of a book about the "14 Amendments."

In Group Affidavit – Attachment I, which the Court incorporates as part of plaintiff's complaint, *See* Fed.R.Civ.P.10(c), plaintiff states in a conclusory manner that he believes that he was retaliated against for filing a lawsuit in this Court by defendant Dacus, in that he was taken from his living area on July 18, 2019, cuffed up, taken to disciplinary segregation and kept there for four hours. Plaintiff states that he asked defendant Dacus if he was having him handcuffed in retaliation for "the lawsuit he filed against him." Defendant Dacus allegedly replied, "Yes, and retaliation for disturbing the peace, inciting a riot, and whatever else I can write you up for."

Plaintiff admits that at the time he was taken to the isolation cell, he had been in F Pod and defendant Dacus had come into the pod with Correctional Officer Brown to collect lunch trays from the inmates. Dacus told the inmates to turn in their sporks and cups. And when he found they were three cups and sporks short, he yelled if they weren't turned in, the entire pod would be searched. Plaintiff states that when all of the inmates started to talk to the officers at once, plaintiff told the officers that the cells were overcrowded and there weren't enough mattresses, blankets or necessities to go around. He told Dacus and Brown, "If you guys do your job, then we would have cups and sporks to turn in." It was at this point, according to plaintiff that he was instructed to cuff-up and he was taken to the isolation cell by Dacus, who told Balivia that plaintiff had incited a riot and he was being punished. Balivia told Dacus to put him in isolation.

Plaintiff states that defendant Balivia told him when he released him from isolation four hours later that if he kept filing legal papers against the Jail and the Correctional Officers that "it will only get worse for you."

Plaintiff seeks injunctive relief and compensatory and punitive damages.

**Discussion**

The Court will issue process on plaintiff's claim for First Amendment retaliation against defendant Dacus in his individual capacity. To state a prima facie case for First Amendment retaliation, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005). The Court believes that plaintiff's allegations against defendant Dacus relative to his comments about purportedly handcuffing him and then placing him in isolation for, in part, filing a lawsuit against plaintiff, are enough to pass initial review on a First Amendment retaliation claim against defendant Dacus in his individual capacity.

Similarly, the Court will also issue process on defendant's claim for retaliation against defendant Balivia in his individual capacity. Plaintiff claims that defendant Balivia threatened him by telling him it would only get worse for him if he continued filing legal papers against the Jail and the Correctional Officers. "[A] threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures" or for utilizing one's ability to access the Courts. *Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir. 1994). Although plaintiff does not indicate if the threat was in relation to the grievance procedures or his lawsuit, the Court believes as alleged, and taking plaintiff's allegations as true, this claim is enough to serve process on against defendant Balivia at this time.

Plaintiff's claims against the remaining defendants are subject to dismissal, however, as he has failed to state a claim for access to the Courts. And to the extent he is bringing claims relating to defendants' failure to properly respond to his grievances, these claims also fail to state a claim upon which relief may be granted.

Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires that inmates be provided adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. 817. Following *Bounds*, the Supreme Court held, however, that based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to

filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative").

In the case at bar, plaintiff pleads no facts tending to show that the alleged deficiencies of the library deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action. Instead, plaintiff's allegations of injury are speculative. For example, he claims that the deprivations obstructed "my right to due process of law" and are impeding [my] ability to address:

1. 2004 GMC 1500 Extended Cab Truck        $5,000
2. Business Assets (Tools and Equipment)    $5,000
3. Lost Possessions Inside My Residence     $10,000
4. Dental Medical Conditions                $10,000
5. Vision Medical Conditions                $5,000
6. Sciatic Nerve Medical Conditions         $5,000
                                    Actual Damages $55,000

However, plaintiff does not indicate exactly how the purported lack of a law library has impacted his ability to address to these issues in the instant action, in state court or in his other actions before this Court.[2]

These allegations amount to mere speculation that injuries might occur or could have occurred. It therefore cannot be said that plaintiff alleges a cognizable injury, and the Court

---

[2]Plaintiff brought an action on July 11, 2019, in this Court against thirty-two defendants. *See Lam v. Finn*, No. 1:19-CV-111 JAR (E.D.Mo). He was ordered to amend his pleading, and he filed an amended complaint on August 14, 2019, asserting that he had been subjected to a false arrest and unlawful imprisonment by the Sullivan Police Department. Plaintiff brought an action in this Court on August 14, 2019, *Lam v. Becker*, No. 1:19-CV-139 DDN (E.D.Mo.), for violations of the Fourth Amendment, relating to an underlying criminal case filed against him in Missouri State Court. *See State v. Lam*, No. 18AB-CR00927 (20th Judicial Circuit, Franklin County Court). Plaintiff was charged with the class D felony of concealing marijuana on the premises of Franklin County Jail. In that action, plaintiff asserted that he had been falsely arrested and imprisoned, as well as illegally searched, while incarcerated at the Jail, in April of 2018. The Court stayed the action pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007), on August 19, 2019, based on the pendency of plaintiff's underlying criminal case. On August 14, 2019, plaintiff filed a lawsuit against the Franklin County Prosecutors Office alleging he was falsely arrested and imprisoned. *See Lam v. Parks,* No. 1:19-CV-138 JAR (E.D.Mo). On August 21, 2019, plaintiff filed a lawsuit against Cape Girardeau County and Cape Girardeau County Jail employees, alleging that mail sent from the Court had been opened by the Jail. *See Lam v. Unknown Whitner*, No. 1:19-CV-144 JMB (E.D.Mo.). These actions do not address plaintiff's aforementioned property list or purported medical conditions.

concludes that he lacks standing to bring an access to the courts claim against any of the named defendants.

In addition, it appears that plaintiff was represented by counsel, the State Public Defender's Office, in his criminal action. *See State v. Lam*, No. 18PR-CR00722-02 (32nd Judicial Circuit, Cape Girardeau County Court).[3] Plaintiff does not allege that any defendant hindered his ability to meet or confer or otherwise communicate with his attorney. Therefore, to the extent plaintiff's allegations can be understood to relate to his criminal case, it appears plaintiff was afforded "adequate assistance from persons trained in the law" as required by *Bounds*. *See Bounds*, 430 U.S. at 828 (pre-trial detainees must be afforded "adequate law libraries or adequate assistance from persons trained in the law").

To the extent plaintiff is alleging that the named defendants failed to properly respond to his grievances or ignored his grievances altogether, he has failed to state a claim upon which relief may be granted with respect to such a claim.

There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643

---

[3]This Court takes judicial notice of this Missouri State Court record, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

(8th Cir. 1996)). Therefore, to the extent plaintiff is asserting that defendants failed to properly respond to his grievances, he has failed to assert a constitutional violation.[4]

Last, the Court will dismiss the official capacity claims against defendants Dacus and Balivia. To state a claim against Cape Giradeau Jail employees in their official capacities, plaintiff must allege that a policy or custom of Cape Girardeau County is responsible for the alleged constitutional violations. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).[5] The instant complaint does not contain any allegations that a policy or custom of Cape Girardeau County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against Nurses Officers Dacus and Balivia in their official capacities. As such, these claims will be dismissed, as will plaintiff's claims against Cape Girardeau County.

## Plaintiff's Motions for Injunctive Relief

Plaintiff seeks a temporary restraining order and a motion for preliminary injunction, stating that without immediate intervention by the federal court, the defendants will continue to violate his civil rights by "denying him adequate legal library, legal materials…" Plaintiff claims this will deprive him of knowledge to participate in court proceedings. To the extent his requests for injunctive relief relate to his access to courts claims, his requests are denied, as plaintiff's likelihood of success on the merits of these claims is insufficient to support a request for

---

[4] The Court notes that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). And general responsibility for supervisory responsibilities cannot establish personal involvement. *See, e.g., Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983; *Woods v. Goord,* 1998 WL 740782, at *6) (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).
[5] Plaintiff must also assert these same allegations in order to make a claim against Cape Girardeau County. He has failed to do so.

injunctive relief as they are being dismissed in this Memorandum and Order and accompanying Partial Dismissal Order.

Plaintiff also states that he believes his life is in imminent danger. Although plaintiff does not assert what ongoing harm he is suffering, he states that "Balivia and Dacus" have recently purportedly retaliated against him in response to finding out that they are named in a complaint. He claims, generally, that he fears physical harm by defendants. However, he does not state what physical harm he fears or indicate any physical harm that has previously occurred from either named defendant.

Plaintiff requests: (1) an immediate "change of venue" from the Cape Girardeau County Jail to the St. Louis County Jail so "that [plaintiff] may receive a safe and fair trial" and (2) the immediate administrative suspension of defendants Dacus and Balivia for their "involvement in the retaliation against [plaintiff]"

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

"In balancing the equities no single factor is determinative." *Dataphase,* 640 F.2d at 113. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

After weighing the *Dataphase* factors listed above, the Court finds that plaintiff has failed to demonstrate at this stage of the proceedings that he is likely to succeed on the merits of his claims and that he will suffer an immediate and irreparable injury if that Court does not grant the requested relief. Plaintiff provides no evidence that his life is any imminent danger. Nor is there any evidence that if the Court does not grant the immediate relief plaintiff requests, that there will be any irreparable injury to plaintiff.

Although plaintiff's allegations in his complaint are enough to pass § 1915 review on two purported claims of First Amendment retaliation against two defendants, he has not stated that he was subjected to physical harm, other than the fact that plaintiff claims that a person not named in this action, an Officer Brown, over-tightened his handcuffs on one occasion at the Cape Girardeau County Jail. Moreover, he states that he was kept in an isolation cell for four hours, in part because he asked defendant Dacus if he was having him handcuffed in retaliation for "the lawsuit he filed against him." Defendant Dacus allegedly replied, "Yes, and retaliation for disturbing the peace, inciting a riot, and whatever else I can write you up for." Moreover, he states he was told when he was let out of the cell by defendant Balivia, he said, it would only get worse for him if he filing legal papers against the Jail and the Correctional Officers.

There is no indication plaintiff's life is in imminent danger. Moreover, plaintiff admits that he wasn't taken to isolation by defendant Dacus until he complained about the overcrowding in the Pods when the rest of the inmates were talking. He also admits that defendant Dacus told Balivia that he was being put in isolation for "inciting a riot." And he was released from isolation after four hours, even though Dacus told him that he would be kept in isolation for twelve hours. The Court cannot say that these actions by defendants, as reported by plaintiff, show that plaintiff is subject to irreparable harm at this time.

For these reasons, the motions for a temporary restraining order and preliminary injunction will be denied, without prejudice.

**Motion for Appointment of Counsel**

Finally, plaintiff's motion for appointment of counsel will be denied without prejudice to refiling at a later time. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) when funds exist, until the full filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Balivia and Unknown Dacus. These defendants shall be served with summons at the Cape Girardeau County Jail.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Balivia and Unknown Dacus shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Williams, Unknown Holland, Unknown Umphlett, J.P. Mulcahy, Ruth Ann Dickerson and Cape Girardeau County because as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Balivia and Unknown Dacus in their official capacities because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #5] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #6] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of August, 2019.

                                                  HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE