UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES LAM III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19CV143 HEA |
| | ) | |
| UNKNOWN BALIVIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to amend his complaint, as well as plaintiff' second motion for injunctive relief. Based on the foregoing reasons, plaintiff's motions will be denied.

Plaintiff, a pretrial detainee at Cape Girardeau County Jail, filed the instant action on August 21, 2019, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The Court reviewed plaintiff's complaint for frivolousness, maliciousness and for failure to state a claim on August 23, 2019, and at that time the Court issued process on plaintiff's claims for First Amendment retaliation against defendants Unknown Correctional Officer Dacus and Unknown Correctional Officer Balivia in their individual capacities.[1] However, the Court dismissed plaintiff's claims against defendants Unknown Williams, Unknown Holland, Unknown Umphlett, J.P. Mulcahy, Ruth Ann Dickerson and Cape Girardeau County because as to these defendants, the complaint was legally frivolous or failed to state a claim upon which relief may be granted, or both. Summons was returned executed on defendants Dacus and Balivia on September 5, 2019.

---

[1] The Court dismissed plaintiff's claims against defendants Unknown Correctional Officer Dacus and Unknown Correctional Officer Balivia in their official capacities.

The gist of plaintiff's claims in his original complaint centered on an altercation he had with defendant Dacus on July 28, 2019. He claims that he was taken from his living area on July 28, 2019, cuffed up, taken to disciplinary segregation and kept there for four hours. Plaintiff states that he asked defendant Dacus if he was having him handcuffed in retaliation for "the lawsuit he filed against him." Defendant Dacus allegedly replied, "Yes, and retaliation for disturbing the peace, inciting a riot, and whatever else I can write you up for." Plaintiff states that defendant Balivia told him when he released him from isolation four hours later that if he kept filing legal papers against the Jail and the Correctional Officers that "it will only get worse for you."

**Plaintiff's Motion to Amend the Complaint**

On September 13, 2019, plaintiff filed a motion to amend his complaint. Attached to his motion to amend, plaintiff has provided the Court with a copy of his proposed amended complaint. In his amended complaint, plaintiff seeks to change the entirety of his claims in this action. *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) (the filing of an amended complaint replaces the original complaint and claims that are not realleged are deemed abandoned)[2].

He has named fourteen (14) individuals and entities as defendants in the amended complaint, and his amended complaint numbers ninety-three (93) pages. Plaintiff's claims range from ineffective assistance of counsel against his public defender in state court[3], to an access to courts claim against all fourteen (14) defendants. The Court notes that it dismissed plaintiff's

---

[2]Plaintiff also repeats the allegations against Unknown Dacus and Unknown Balivia for First Amendment retaliation included in his original complaint.

[3]Plaintiff is unable to bring a claim against his public defender for "ineffective assistance of counsel" under 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, plaintiff's allegations fail to state a claim.

access to courts claim due to plaintiff's failure to properly allege that he suffered an actual injury to a pending or contemplated legal claim. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

The Court finds that despite plaintiff repeating the same allegations against all fourteen (14) defendants in his proposed amended complaint, he has still failed to allege that he suffered an actual injury to a pending or contemplated legal claim. Moreover, it appears that plaintiff's attempt to revisit this issue is nothing more than a motion for reconsideration of the partial dismissal entered on August 23, 2019. For these reasons, the Court will deny plaintiff's motion to amend his pleading as doing so would be futile.[4]

**Second Motion for Injunctive Relief**

Plaintiff filed a second motion for injunctive relief in this action simultaneous with his motion to amend his complaint. He asks this Court to perform an investigation into the Missouri State Public Defender's Office because he doesn't feel comfortable with his assigned public defender in his state criminal action. Plaintiff wants this Court to intervene in his assignment of counsel in his criminal proceedings because he lacks faith in his public defender.

The district courts may only issue writs of mandamus "in aid of their jurisdictions . . ." 28 U.S.C.A. § 1651(a). They lack the power to issue writs of mandamus compelling a *state* actor to act. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff.") Particularly, these matters cannot be brought before this Court within a § 1983 action. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162

---

[4] The Court notes that plaintiff referred to two open cases in this Court in his motion to amend. However, neither of the cases contain access to courts claims. Plaintiff brought an action on July 11, 2019, in this Court against thirty-two (32) defendants. *See Lam v. Finn*, No. 1:19-CV-111 JAR (E.D.Mo). He was ordered to amend his pleading, and he filed an amended complaint on August 14, 2019, asserting that he had been subjected to a false arrest and unlawful imprisonment by the Sullivan Police Department. On August 21, 2019, plaintiff filed a lawsuit against Cape Girardeau County and Cape Girardeau County Jail employees, alleging that mail sent from the Court had been opened by the Jail. *See Lam v. Unknown Whitner,* No. 1:19-CV-144 JMB (E.D.Mo.). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).

(8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* Consequently, the Court will deny plaintiff's motion for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #16] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #17] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this order would not be taken in good faith.

Dated this <u>24th</u> day of September, 2019.

                                          HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE