# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES LAM, III | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 1:19CV143 HEA ) |
| CALEB DICUS and ANTHONY BALIVA, | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter before the Court on Defendants' Motion to Dismiss Plaintiff's cause of action with prejudice and award them sanctions, [Doc. No. 26]. Plaintiff has failed to respond to the motion. For the reasons set forth below, the Motion to Dismiss will be granted without prejudice.

## BACKGROUND

Plaintiff, a pretrial detainee at Cape Girardeau County Jail, filed the instant action on August 21, 2019, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The Court reviewed plaintiff's complaint for frivolousness, maliciousness and for failure to state a claim on August 23, 2019. At that time the Court issued process on plaintiff's claims for First Amendment retaliation against defendants Dicus and Balivia in their individual capacities.

The gist of plaintiff's claims in his center on an altercation he had with defendant Dicus on July 28, 2019. He claims that he was taken from his living area on July 28, 2019, cuffed up, taken to disciplinary segregation and kept there for four hours. Plaintiff states that he asked defendant Dicus if he was having him handcuffed in retaliation for "the lawsuit he filed against him." Defendant Dicus allegedly replied, "Yes, and retaliation for disturbing the peace, inciting a riot, and whatever else I can write you up for." Plaintiff states that defendant Balivia told him when he released him from isolation four hours later that if he kept filing legal papers against the Jail and the Correctional Officers that "it will only get worse for you."

Defendants now move to dismiss this action since Plaintiff has failed to comply with this Court's Case Management Order, specifically, Plaintiff has failed to make disclosures under Rule 26(a).

## LEGAL STANDARD

A district court may dismiss an action with prejudice for failure to comply with court orders or for failure to prosecute a case. Fed. R. Civ. P. 41(b). "Rules 16(f) and 37(b) also permit dismissal as a sanction for failure to obey the court's orders." *Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991). Dismissal with prejudice is considered a drastic sanction. *See id.* "An action should be dismissed with prejudice 'only

after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.' " *See id.* (quoting *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96 (8th Cir. 1971)). Additionally, a court should also consider whether the disobedient party willfully refused to comply with court orders, and to the extent they are available, whether lesser sanctions could be effective. *See Welsh*, 439 F.2d at 97; *see also DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013). Ultimately, "the sanction imposed by the district court must be proportionate to the litigant's transgression." *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) (citations omitted). Instead of or in addition to dismissal, the court may order the disobedient party to pay the other party's reasonable attorneys' fees, unless the failure to comply was substantially justified. *See* Fed. R. Civ. P. 37.

## DISCUSSION

Plaintiff is a *pro se* Plaintiff. A certain degree of leniency should be given to *pro se* plaintiffs to ensure their access to justice. *See Reed v. Evans*, 2018 WL 5818360, at *3 (W.D. Ark. Nov. 7, 2018). "Occasional allowances by the court for honest mistakes provide leeway for plaintiffs who are not trained in the law and do not have representation." *Brewer v. DKD Ele. Co.*, 2004 WL 6218811, at *2 (D.N.M. June 14, 2004). However, a *pro se* litigant must nonetheless follow the

3

same rules of procedures that govern other litigants. *Reed*, 2018 WL 5818360, at *3.

Defendants argue that Plaintiff's claims should be dismissed with prejudice because he has been remiss in providing the Court with his current address until recently in addition to failing to provide his disclosures.

Viewing Plaintiff's prosecution of this case as a whole, the Court agrees that he has demonstrated a pattern of disregard for court rules and procedures. However, rather than dismiss the case with prejudice, the Court believes that a less severe sanction would be an effective remedy. The Amended Complaint will be dismissed without prejudice subject to the following conditions: (1) Plaintiff may only refile this action in this district; and (2) upon refiling, Plaintiff must pay Defendants' attorneys' fees incurred by each Defendant in defending this lawsuit to date. *See Reddy v. Rallapally*, 2004 WL 1595097, *1 (8th Cir. July 19, 2004) (upholding district court's decision to impose as a condition of dismissal that if the action was refiled, plaintiff would have to pay costs and attorneys' fees incurred in defending first action). These conditions are premised on the notion that Defendants should not bear the burden of having to pay duplicative litigation costs on account of Plaintiff's decision ignore his obligations in prosecuting this action.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the matter is **DISMISSED WITHOUT PREJUDICE**, subject to the conditions discussed above.

Dated this 12th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE